UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHELLY M. HAGAN,

           Plaintiff,           Case No. 1:25-cv-10242

v.           Honorable Thomas L. Ludington
           United States District Judge

GREAT LAKES COCA-COLA
DISTRIBUTION, LLC,

           Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADJOURNING SCHEDULING ORDER**

Plaintiff Shelly M. Hagan seeks to amend her Complaint against the Great Lakes Coca-Cola Distribution, LLC (GLCC), by adding two additional claims: (1) retaliation in violation of the Fair Labor Standards Act; and (2) retaliation in violation of Michigan's Elliott-Larson Civil Rights Act. Because there is no evidence of bad faith, undue delay, dilatory tactics, or undue prejudice to the nonmoving party, Plaintiff's Motion will be granted. Discovery will also be reopened, allowing GLCC to depose Plaintiff concerning the new claims, which will extend the deadline for dispositive motions.

I.

Plaintiff is a sixty-two-year-old woman who worked for either Defendant or its predecessor for approximately twenty-seven years. ECF No. 1-1 at PageID.15. She claims that she has always performed her duties in a "satisfactory and/or above satisfactory manner." *Id.* Indeed, her annual performance review for the 2023 calendar year indicated that her overall rating was "meets expectation," for which she received a three-percent merit raise. *Id.*

But those good times did not last. On April 24, 2024, Plaintiff attended an administrative staff appreciation lunch, attended by three different managers for GLCC: (1) Lisa Polsinelli, Business Manager; (2) Melissa Zahn, Lead Business Manager; and (3) Jared Little, Plant Manager. *Id.* There, Plaintiff told Zahn that she had worked for GLCC for twenty-seven years, to which Zahn allegedly replied that she felt it was "dumb" for someone to work until they were sixty-five just to get Medicare. *Id.* Mr. Little also told her that GLCC had had several people retire early who were able to find health insurance at a reasonable price on the marketplace. *Id.* at PageID.16. Plaintiff believes that these alleged statements were an implication that she should retire, and, after these conversations, Defendant began setting her up for termination. *Id.*

On June 14, 2024, Plaintiff was presented with a "Performance Action Plan." *Id.* Plaintiff alleges that the plan falsely claimed that she had met with Polsinelli several times to discuss concerns about her performance and work quality. *Id.* And the plan allegedly contained "expectations" that were contentless and non-specific, which Plaintiff claims Defendant intended to use as a discriminatory method to manufacture her discharge from GLCC. *Id.*

The Action Plan lasted for a sixty-day performance expectation review period, which expired on August 2, 2024, and, if performance had not improved, Plaintiff could be placed on a formal Performance Plan. *Id.* But on August 15, 2024, Plaintiff was presented with a "Separation Agreement Term Sheet," which offered her severance in exchange for an agreement to end her employment and sign a release. *Id.* at PageID.16–17. Plaintiff refused to resign her employment and was placed on a "formal Performance Improvement Plan" (PIP) the next day, August 16, 2024. *Id.* at PageID.17. The PIP provided that it would last at least thirty days, and Plaintiff was to attend weekly review meetings. *Id.* But despite Plaintiff allegedly completing the tasks assigned to her in a timely manner, she was evaluated as not meeting expectations. *Id.* She was then terminated on

September 18, 2024, because her performance had not improved. *Id.* Plaintiff contends that she was fired because of Zahn's alleged discriminatory belief that older employees should not continue working until they reach the age of sixty-five, but just until they qualify for Medicare.[1] *Id.*

On December 13, 2024, Plaintiff sued GLCC in the Circuit Court for the County of Bay, Michigan. ECF No. 1 at PageID.1. Plaintiff's Complaint alleges one count of Age Discrimination in violation of the Elliott-Larson Civil Rights Act, claiming that she was fired due to age discrimination. ECF No. 1-1 at PageID.20. On January 27, 2025, Defendant filed a notice of removal and removed the case to this Court. ECF No. 1.

On February 28, 2025, the Court issued a scheduling order that limited the discovery period to September 30, 2025. ECF No. 8. On September 9, 2025, twenty-one days before the discovery period was to end, Plaintiff filed its Motion to Amend/Correct the Complaint. ECF No. 9. Plaintiff alleges that discovery has yielded evidence of retaliation, both under state and federal law. *See id.*

## II.

Courts "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). But a motion to amend should be denied in the presence of (1) bad faith, undue delay, or dilatory tactics; (2) lack of notice to the opposing party; (3) a repeated failure on behalf of the movant to cure deficiencies by previous amendments; (4) undue prejudice to the nonmovant; or (5) futility. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). "The decision to grant or deny leave to amend is 'left to the sound discretion of the trial judge.'"

---

[1] This may be a misstatement on the part of the Plaintiff. Generally, the age at which one qualifies for Medicare *is* sixty-five, not something beforehand as Plaintiff alludes to. *See Eligibility & Enrollment*, CENTER FOR MEDICARE ADVOCACY, (last visited October 7, 2025).

*Halasz on behalf of H.H. v. Cass City Pub. Sch.*, 748 F. Supp. 3d 482, 491 (E.D. Mich. 2024) (quoting *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990)).

### III.

Plaintiff asserts that her proposed amendment is based on additional evidence "previously unknown to Plaintiff obtained by Plaintiff through discovery." ECF No. 9 at PageID.79. She provides specific evidence that would apply to both state and federal claims of retaliation. *Id.* at PageID.79–80.

In response, Defendant argues that Plaintiff has had the documents that led to this information for over five months, around the start of discovery, but did not elect to amend her Complaint until just days before the discovery deadline on September 30, 20205. ECF No. 10 at pageID.107. And Defendant did not ask Plaintiff questions at her deposition relating to these new claims because it deposed Plaintiff before the motion was filed. *Id.* In fact, it wasn't until a month after Plaintiff's deposition that she filed the current Motion. *Id.* Defendant argues that Plaintiff's delay should preclude her from amending her Complaint. *Id.* at PageID.108.

Here, while Plaintiff's late efforts are unfortunate, they are not the product of undue delay. First, delay alone does not justify the denial of leave to amend. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). And "[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow an amendment of a pleading." *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982). But there comes a point when "delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984).

The Sixth Circuit has held that delay becomes prejudicial in situations in which discovery has closed, the parties have proceeded forward with dispositive motions, and there was no reason for the delay. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("Plaintiff

delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed. There appears to be no justification for the delay, and the plaintiff proposes none."). Further, courts are skeptical of plaintiffs who wait to amend their complaint, despite stating the necessary facts to allege the proposed amended claims in their original complaint. *See Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 754–55 (E.D. Ky. 2019) ("Degolia has offered no explanation or justification for having waited a nearly a year and a half since the commencement of this action before amending his Complaint to add an *explicit* Monell claim.") (emphasis added); *Duggins*, 195 F.3d at 834 ("The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint."); *Bigger v. Grubbs*, No. 1:24-CV-10841, 2025 WL 958158, at *3 (E.D. Mich. Mar. 31, 2025) ("So Plaintiff knew—or should have known—about McGinn's and Harrison's involvement months before he filed his federal Complaint. And Plaintiff—who did not file a Reply—does not even attempt to argue otherwise or provide good cause to justify the delay.").

But Plaintiff's case is different. Although Plaintiff filed her motion less than a month before the end of discovery, it was not after discovery had closed, and was neither filed after the dispositive motion deadline had passed nor after Defendant had filed a motion for summary judgment, as in *Duggin*. Plaintiff also did not know any of the facts leading to her new claims when she filed the original complaint. In fact, some of these facts were not learned until she deposed Zahn on August 20, 2025, ECF No. 9 at PageID.81, a mere month before Plaintiff's Motion was filed. Learning of these new facts during the discovery process is a good reason for Plaintiff to amend her Complaint.

Second, there is no indication that allowing Plaintiff to amend will prejudice Defendant. "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (citing *Tokio Marine & Fire Ins. Co. v. Employers Ins. Of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)).

Defendant argues that if Plaintiff is allowed to amend her Complaint, then it will need to depose her again—a use of resources it does not think it should have to expend this late in the game. ECF No. 10 at PageID.108. But deposing Plaintiff again is not enough of a burden to prevent Plaintiff from amending her Complaint. Thus, Plaintiff's Motion to Amend, ECF No. 9, will be granted.

Further, Defendant argues that, if this Court grants Plaintiff's Motion, the discovery and dispositive motion deadline should be extended, and leave be granted to depose Plaintiff again as to the new claims. *Id.* In fact, the record indicates that on September 10, 2025, the Defendant conferred with Plaintiff's counsel for a proposed extension of discovery should that happen. ECF No. 10 at PageID.108. This Court agrees and will grant Defendant such an extension.

**IV.**

Lastly, on October 2, 2025, Plaintiff moved to compel the deposition of Ilene Winston and have Defendant answer discovery production requests. ECF No. 14. Defendant has noted that it would be willing to comply with the requested actions if the Court reopens discovery upon granting Plaintiff's Motion to Amend/Correct. *See* ECF No. 16. Because Plaintiff's Motion to Amend/Correct will be granted and discovery will be extended, Plaintiff's Motion to Compel, ECF No. 14, is denied as moot.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Amend/Correct the Complaint, ECF No. 9, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Compel, ECF No. 14, is **DENIED WITH PREJUDICE.**

Further, the Scheduling Order, ECF No. 8, is **ADJOURNED** with new dates as follows:

| | |
|---|---|
| Discovery: | November 21, 2025 |
| Motions Challenging Experts Due: | December 23, 2025 |
| Dispositive Motions Due: | January 13, 2026 |
| Rule 26(a)(3)(B) Disclosures Due: | May 14, 2026 |
| Motions *in limine* Due: | May 26, 2026 |
| Pretrial Submissions Due: | June 23, 2026 |
| Final Pretrial Conference: | June 23, 2026, at 3:00 PM |
| Jury Trial: | July 14, 2026, at 8:30 AM EDT |

**This is not a final order and does not close this case.**

Dated: October 15, 2025                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge